UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER NICOLE YETTER,

    Plaintiff,

v.                                                            Case No: 2:24-cv-758-JLB-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Jennifer Nicole Yetter appeals the Commissioner of Social Security Administration's final decision denying her claim for disability insurance benefits and supplemental security income. (Doc. 15 at 1). The Magistrate Judge issued a Report and Recommendation, recommending that the Court affirm the Commissioner's decision. (Doc. 21). Ms. Yetter objected to the Report (Doc. 22) and the Commissioner responded to the objection (Doc. 23). Upon careful review of the parties' briefing and the entire record, including the transcript of the administrative proceedings and the Report and Recommendation, the Court **ADOPTS** the Report and Recommendation (Doc. 21) and **AFFIRMS** the Commissioner's decision.

## LEGAL STANDARD

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

In this Social Security appeal, the Court must determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for that of the administrative law judge ("ALJ"). *Id.* Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## DISCUSSION

Ms. Yetter raises one objection to the Magistrate Judge's Report and Recommendation. (Doc. 22 at 1–4). Specifically, she contends that this Court should decline to adopt the Magistrate Judge's finding that the ALJ properly considered the medical opinion of a particular nurse—Jennifer McBreairty, an advanced nurse practitioner. (*See id.*). Upon review, the Court finds Ms. Yetter's objection unpersuasive.

The Social Security Administration revised its regulations regarding the consideration of medical evidence for all claims filed after March 27, 2017. *See* 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Ms. Yetter filed her claim for disability insurance benefits and supplemental security income on February 16, 2021, alleging disability beginning February 18, 2019. (Doc. 12 at 22). Thus, the revised regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

"A medical opinion is a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions . . . ." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). When discussing medical opinions, an ALJ need not assign specific evidentiary weight to any medical opinion in the record. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). But, the ALJ must consider five factors in evaluating the persuasiveness of a medical opinion: supportability, consistency, relationship with the claimant, specialization, and other factors. *Id.* §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5). While the ALJ must consider those five factors, the ALJ is only

3

required to discuss supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability means the more relevant the objective medical evidence and supporting explanations from the medical source, the more persuasive the medical opinion will be. *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). Similarly, as to consistency, the more consistent a medical opinion is with the evidence from other sources, the more persuasive the medical opinion will be. *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

There is no requirement that an ALJ must refer to every piece of evidence in his decision, so long as his decision is not a broad rejection of the claimant's impairments, and the decision enables a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). Additionally, the ALJ may discredit subjective complaints if he articulates explicit and adequate reasons for doing so. *Moore v. Barnhart*, 405 F.3d 1208, 1212–13 (11th Cir. 2005); *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). A "clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

Here, Ms. Yetter argues that the Magistrate Judge erred in affirming the ALJ's decision, which found Ms. McBreairty's medical opinion unpersuasive. (*See generally* Doc. 22). She alleges that the ALJ's supportability and consistency analysis was not supported by substantial evidence because the analysis was

"unsupported by the totality of the medical evidence." (*Id.* at 1–2). The Court is not persuaded.

Ms. Yetter's argument centers around a check-box medical source statement completed by Ms. McBreairty on July 31, 2023. (Doc. 12 at 1043–44). The statement provides that Ms. Yetter suffered daily migraine headaches with associated symptoms of anorexia, nausea and vomiting, photophobia, and increased sensitivity to noise. (*Id.* at 1043). Ms. Yetter claimed that her headaches could last 24 hours and affected her ability to stand, sit, and lift objects. (*Id.* at 1044). Ms. McBreairty ultimately concluded that Ms. Yetter could not work. (*Id.*).

In his Report and Recommendation, the Magistrate Judge properly noted that the ALJ included enough detail for meaningful review. (Doc. 21 at 7). The record demonstrates that the ALJ considered Ms. McBreairty's opinion and comprehensively analyzed consistency and supportability. For instance, the ALJ concluded that

> Ms. McBreairty['s] statements are not persuasive and are inconsistent with the evidence of record showing the claimant's headaches, migraine headache attacks, and associated symptoms have been responsive to and/or improved with symptomatic treatment and absence of any urgent or emergency medical attention with administering of fluids and/or 'migraine cocktail' on a frequent basis nor require overnight observation for any migraine headaches lasting more than 72 hours during this period. . . .

(Doc. 12 at 37).

Additionally, the ALJ found that Ms. McBreairty's analysis of Ms. Yetter's physical limitations were inconsistent and not supported by the record. (*Id.* at 37). Specifically, the ALJ focused on Ms. McBreairty's contention that Ms. Yetter could

5

not stand for more than thirty (30) minutes, sit for longer than two (2) hours, and could not lift more than five (5) pounds. (*Id.* at 37 (citing *id.* at 1044)). The ALJ stated that Ms. Yetter's "range of motion of the cervical and lumbar spine, shoulders, elbows, wrists, hands, hips, knees, ankle/foot, were within normal limits in all axes, manual motor strength testing including grip strength was graded 5/5 in all muscle groups, and deep tendon reflexes were full and symmetric in biceps, brachioradialis, triceps, patellar, and ankle distribution." (*Id.* at 37).

To support these conclusions, the ALJ cited Ms. Yetter's visit with Dr. Sean M. Kibria on December 25, 2019 (*id.* at 416–20), her visit with Dr. Michael Rosenberg on November 8, 2021 (*id.* at 856–59), and her visit with Dr. Michael Schultz on March 28, 2022. (*Id.* at 873–78). Dr. Kibria concluded that Ms. Yetter's range of motion in the aforementioned areas of her body was within normal limits. (*Id.* at 418–20). Dr. Rosenberg found that Ms. Yetter had "Strength 5/5 in upper and lower extremities" and "Grip strength 5/5 bilaterally." (*Id.* at 858). Dr. Schultz found that Ms. Yetter's strength was "5 out of 5 globally." (*Id.* at 876).

Put simply, the ALJ's opinion contained a sufficient supportability and consistency analysis. The decision is supported by substantial evidence because a reasonable person would accept, as adequate, the opinions of Dr. Kibria, Dr. Rosenberg, and Dr. Schultz as to her range of motion and strength of her upper and lower extremities. This Court is not permitted to reweigh the evidence and a credibility finding supported by substantial supporting evidence will not be disturbed by this Court. *Foote*, 67 F.3d at 1562. And, even if this Court found that

6

the preponderance of the evidence weighed against the ALJ's decision, the Court should still affirm if there is substantial evidence to validate the ALJ's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes*, 932 F.2d at 1358. While the ALJ could have included a more thorough analysis accompanied by more citations, the current analysis includes enough detail for this Court to conduct a meaningful *de novo* review. As such, the Court finds that the ALJ's opinion here is supported by substantial evidence.

## CONCLUSION

In sum, the Court finds that the ALJ comprehensively analyzed the supportability and consistency of Ms. McBreairty's opinion while assessing its persuasiveness as required by 20 C.F.R. §§ 404.1520c, 416.920c. Additionally, the Court finds that the ALJ's determination of the persuasiveness of Ms. McBreairty's opinion is supported by substantial record evidence. Accordingly, the Court overrules Plaintiff's objection. Specifically, the Court agrees with the thorough and well-reasoned Report and Recommendation and adopts its findings and conclusions as to whether the ALJ properly considered Ms. McBreairty's medical opinion. The ALJ's decision is due to be affirmed.

Accordingly, it is **ORDERED** that:

(1)  Plaintiff's Objection to the United States Magistrate Judge's Report and Recommendation (Doc. 22) is **OVERRULED**.

(2)  The entire Report and Recommendation (Doc. 21) is **ADOPTED** and made a part of this Order for all purposes.

(3)  The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

(4)  The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**ORDERED** in Fort Myers, Florida, on July 8, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE